[No. 2,795.]

## NICHOLAS MARQUEZ v. JOHN B. FRISBIE ET AL.

PROOF OF RIGHTS OF CLAIMANTS UNDER THE SUSCOL ACT.—It was the special duty of the Register and Receiver of the United States Land Office at San Francisco to take proof of the necessary facts entitling applicants, under the Act of Congress of March 3d, 1862, relative to the Suscol Rancho, to the benefit of that Act; and where there is no charge of fraudulent proofs, the award of the Register and Receiver will be regarded as conclusive.

PRE-EMPTION OF LANDS INCLUDED IN THE SUSCOL RANCHO.—By the Act of March 3d, 1863, relative to the Suscol Rancho, all the lands included in the grant to Vallejo are withdrawn from the operation of the general pre-emption laws of the United States, and an attempt to preëmpt such lands under the general laws is futile, and confers no title, either legal or equitable.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The facts in this case are substantially the same as in *Hutton* v. *Frisbie*, reported in 37 Cal. 475, except that in this case the plaintiff claimed to have been in possession of the premises in suit ever since 1853, and alleged that the patentee, Frisbie, never was in occupation of it. Defendants demurred to the complaint on the ground that it did not

state facts sufficient to constitute a cause of action, and that the Court had no jurisdiction of the subject of the action. The demurrer was sustained, upon the authority of *Hutton* v. *Frisbie*, supra, and plaintiff appealed.

*M. A. Wheaton*, for Appellant. .

The plaintiff settled upon the land before it was improved or used, and has resided ever since upon it. Upon this point we insist that by the terms of the Suscol Act (12 U. S. Stats. at Large, 808, Sec. 2), the patentee was not entitled to enter in the Land Office, under that Act, lands which he had never reduced to possession, but which had been held in adverse possession against him before and at the time of the rejection of the grant claim, and ever since. (Sec. 2 of Suscol Act, 12 U. S. Stats. at Large, 808.) As to the other points in the case, we submit them upon the argument and authorities filed in *Hutton* v. *Frisbie*.

*William H. Patterson*, for Respondent, relied upon the points and authorities filed for the respondent in *Hutton* v. *Frisbie*.

By the Court, CROCKETT, J.:

It is conceded by the plaintiff's counsel that this case comes strictly within the decision in *Hutton* v. *Frisbie*, 37 Cal. 475, unless it can be distinguished from it on the ground that the plaintiff was in the actual possession of the premises in controversy for many years prior to the passage of what is known as the Suscol Act (12 U. S. Stats. at Large, 808), and that Frisbie, the patentee under that Act, had not at any time reduced this land into his actual possession; and it is insisted that, under the second section of the Act, Frisbie was not entitled to enter lands of which he had never been

in possession. But it is made the special duty of the Register and Receiver, before permitting entries under the Act, to take proof of the necessary facts entitling the applicant to the benefit of the Act. Such proof has been taken in this case, and the land has been awarded to Frisbie. There is no allegation that the Land Department has been imposed upon by any false or fraudulent proofs offered by Frisbie in respect to his possession; and the ground of the plaintiff's complaint is that the Land Department has decided (erroneously, as he claims) that the Suscol Act had the effect to withdraw from the operation of the general preëmption laws of the United States all the lands included in the grant to Vallejo, and for that reason refuses to entertain the plaintiff's application as a preëmptioner. But in *Hutton* v. *Frisbie*, and in the more recent decision of the Supreme Court of the United States in *Whitney* v. *Frisbie*, 9 Wallace, 191, the construction given to the Act by the Land Department was sustained. If the land was withdrawn from preëmption under the general law, as decided in these cases, it results that the attempt of the plaintiff to enter it was futile, and conferred no title, either legal or equitable. 

Judgment affirmed.